## Case No. 1,582.

### BLYDENBURGH v. LOWRY.

[4 Cranch, C. C. 368.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

ADMINISTRATOR DE BONIS NON—SUIT AGAINST PREDECESSOR—FOREIGN ADMINISTRATION.

1. Money received by the defendant, for the estate of the intestate, in the lifetime of the first administrator, may be recovered as assets in an action by a subsequent administrator.
[Questioned in Wilson v. Arrick, 112 U. S. 87, 5 Sup. Ct. 77.]

2. Letters of administration granted by the surrogate of Suffolk county, in New York, upon bona notabilia found there, will enable the administrator to recover assets in the District of Columbia, under the act of congress of June 24, 1812, § 11 [2 Stat. 758].

This was an action of assumpsit brought by the plaintiff [Richard F. Blydenburgh] as administrator of Jesse Smith, to recover $1,000 received by [George Lowry] the defendant to the use of the estate of Jesse Smith, in the lifetime of a previous administrator who obtained his letters of administration in Philadelphia, where the intestate died. The declaration contained only the common money counts, and the Maryland count upon indebitatus assumpsit for sundry matters properly chargeable in account, and all the promises were alleged to have been made to the plaintiff, "as administrator of Jesse Smith."

At the trial of the issue of non assumpsit, the plaintiff offered to prove, by competent witnesses, that a certain John C. Mitchell, being indebted to Jesse Smith, the plaintiff's intestate, in the sum of $1,287, executed a mortgage of a lot in Georgetown, to the said intestate, to secure the same debt; that, upon the death of the said Smith, in Philadelphia. letters of administration were duly granted to a certain F. S. Bailey, who continued to act as administrator until his death; that, previous to the death of the said Bailey, the said lot, so mortgaged, was sold to a certain P. O'Donnoghue, for the use and benefit of the intestate Jesse Smith's estate; that the purchase-money for the same was paid by the said O'Donnoghue to the said defendant, George Lowry, in the lifetime of the said Bailey; but that, before the same was paid over by the defendant to the said Bailey, the said Bailey died. The plaintiff also produced, and offered to read, in evidence, his letters of administration, granted on the 3d of January, 1832, by the surrogate

[1] [Reported by Hon. William Cranch, Chief Judge.]

of the county of Suffolk, in the state of New York, reciting that the deceased was, at the time of his death, an inhabitant of the city of Philadelphia, "and that assets now remain in the said county of Suffolk, and state of New York."

To the admission of all which evidence, Mr. Redin, for the defendant, objected, and contended that the surrogate in New York had no authority to grant letters of administration upon the estate of a person who died in Philadelphia. The act of congress of June 24, 1812, § 11 (2 Stat. 755) requires that the foreign letters of administration should be granted by "the proper authority." Letters granted in New York would be of no authority in Pennsylvania. They could only cover the assets in New York. They could give no authority over the assets here. There might be as many administrators as there are states in the Union. The act of congress means administration granted in the state wherein the intestate died. The plaintiff should have letters in Pennsylvania, or here.

THE COURT (THRUSTON, Circuit Judge, absent) stopped Mr. Dunlop, who was about to reply, and decided that the letters were sufficient, having been granted by the surrogate of Suffolk county, in New York, in the usual form, upon a suggestion of assets in that county, and certified according to the act of congress of June 24, 1812, § 11 (2 Stat. 755), and that the other evidence offered by the plaintiff was admissible.

Mr. Redin then prayed the court to instruct the jury, that, upon that evidence, the plaintiff was not entitled to recover.

Mr. Wallach, contra. The plaintiff may recover upon a promise to his predecessor. Catherwood v. Chabaud, 1 Barn. & C. 150; Hirst v. Smith, 7 Term R. 182; Sullivan v. Holker, 15 Mass. 374; Tingrey v. Brown, 1 Bos. & P. 310.

Mr. Redin. The question is, whether the plaintiff can recover this money in this action, or whether the suit should not have been brought in the name of the administrator of Bailey, the first administrator. The money was received by the agent of the first administrator, and remained in his hands. It did not remain as outstanding assets of the estate of Jesse Smith. It was not assets for which the plaintiff could be charged, unless he had received it; but the first administrator was chargeable; and if Lowry had spent the money, and become insolvent, the first administrator must have lost it. An administrator de bonis non can collect only the assets outstanding. Calder v. Pyfer [Case No. 2,299], in this court, in October, 1823. Calder was administrator de bonis non; the defendant had bought goods at the sale made by the first administrator, and was indebted therefor to the first administrator. The court decided, in that case, that the plaintiff, the administrator de bonis non, could not recover in his own name. Hirst v. Smith, 7 Term R. 182; the case of Ma-

gruder's Adm'x [Case No. 8,962], in this court, in December, 1825.

The administratrix sold the goods, and took notes payable to herself. She brought suit and died before judgment. Her administratrix entered her appearance, and obtained judgment. The administrator de bonis non prayed, that the judgment might be entered for his use; but the court refused. Barker v. Talcot, 1 Vern. 473. If the first administrator has converted the assets into money, the administrator de bonis non has no authority. There is no privity between him and the first administrator. Maryland Testamentary Law 1798, c. 101, subc. 5, § 6, and Id. c. 14, § 2. In Sibley v. Williams, 3 Gill & J. 52, the court of appeals in Maryland said, that the act of 1798 did not mean to make any thing assets in the hands of the administrator de bonis non, but what remained in specie. The act of Maryland of 1820, extends only to bonds, notes, &c., taken by the first administrator. The defendant could only be discharged by a receipt from the administrator of the first administrator, for whom he received the money. The plaintiff cannot recover upon this declaration. It is upon an implied promise to the plaintiff himself as administrator. In the cases cited, the promise was made to the first administrator, and so laid in the declaration.

Mr. J. Dunlop, for the plaintiff. If the administrator de bonis non stands in the place of the first administrator; if the promise to the first administrator be to him as administrator, and if the money promised, when received by the first administrator, would be assets and the money be not paid, according to the promise, in the lifetime of the first administrator, it is assets unrecovered. There is a privity between the first administrator and the administrator de bonis non. If it be property of Jesse Smith, unadministered, the administrator de bonis non may recover it. If Bailey had a right to recover this money in his name as administrator, the administrator de bonis non may recover it as administrator. Saund. Pl. & Ev. 606. The only question is, whether this money is the property of the estate of Jesse Smith; that is, whether it be assets or the personal property of Bailey.

This debt has never been converted into money. The debt was due by Mitchell to Smith. Bailey never received the money; for although he gave the defendant authority to receive it, and he did receive it, yet he afterwards refused to pay it to Bailey.

MORSELL, Circuit Judge. If the defendant had become insolvent, whose loss would it have been: It might have been the loss of the administrator, but it is not, therefore, less assets. If the property be changed, it is still assets, as in the case cited from Barnwell & Creswell [Catherwood v. Chabaud, 1 Barn. & C. 150], where the first administrator took a bill of exchange for a debt due to the estate, and died before suit

brought upon it. The administrator de bonis non sued on it, and recovered.

THE COURT (MORSELL, Circuit Judge, contra) decided that the plaintiff had a right to bring and maintain this action.

Verdict for the plaintiff.

A bill of exceptions was taken, but no writ of error was prosecuted.